**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**Eastern Division**

| | | |
|---|---|---|
| SONYA BAILEY, and others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No.: _____ |
| YOUTH VILLAGES, INC., | § § § § | FLSA COLLECTIVE ACTION |
| | | JURY DEMANDED |
| Defendant. | § | |

**COMPLAINT**

PLAINTIFF, Sonya Bailey, brings this action against the Defendant on behalf of herself and others similarly situated.

### I. PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1337.  The Court has personal jurisdiction over the Plaintiff, a resident of Martin, Tennessee and the Defendant, who does business in multiple locations in Tennessee and beyond, including locations in Madison County, Tennessee.

3. Venue also lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

4. Plaintiff is a former employee of Youth Villages, Inc. (hereinafter "Defendant"). During her employment with Defendant, she was a covered employee under the FLSA.

5. The Defendant is a covered "employer" under the FLSA.

6. In addition to the named Plaintiff, Defendant employs and has employed within the last three years additional similarly situated employees.

## II. INTRODUCTION

7. Plaintiff brings this claim individually and as part of a collective action, under the FLSA, 29 U.S.C. § 216(b) on behalf of other employees of Defendant who were denied overtime compensation. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

## III. FACTUAL BASIS FOR SUIT

8. Plaintiff is a former employee of Defendant. During the course of her employment, she was given the title "overnight teacher counselor."

9. In addition to Plaintiff, other similarly situated employees were either given the title "overnight teacher counselor" or performed substantially similar work duties as Plaintiff in her capacity as an overnight teacher counselor.

10. Plaintiff and other similarly situated employees were informed by Defendant that they were not entitled to overtime compensation because their position(s) fell under the "professional exemption" to the Fair Labor Standards Act.

11. The actual job duties of Plaintiff and others similarly situated are not those of "professional exempt" employees.

12. To the contrary, Defendant is unable to bear its burden of showing that Plaintiff and

others similarly situated fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§541.300, 541.301, 541.302, 541.303, or 541.304.

13.     During Plaintiff's employment, Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis.

14.     In addition to Plaintiff, other similarly situated employees of Defendant performed work in excess of forty (40) hours on a regular and repeated basis.

15.     Plaintiff and other similarly situated employees who work more than forty (40) hours during per week are entitled to overtime compensation for those hours worked in excess of forty (40).  29 C.F.R. § 778.101.

16.     Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work.  29 C.F.R. § 778.107.

17.     When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate Plaintiff at a rate of "one and one-half times the regular rate at which [the Plaintiff was] actually employed" for the first forty (40) hours of work.  *See* 29 C.F.R. § 778.107.

18.     Likewise, when other similarly situated employees worked more than forty (40) hours during a work week, Defendant did not compensate these employees at a rate of "one and one-half times the regular rate at which [the employees were] actually employed" for the first forty (40) hours of work.    *See* 29 C.F.R. § 778.107.

19.     Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages are willful violations of the FLSA.

20.     Defendant is unable to bear its "substantial burden" of showing its failure to comply with

the FLSA was in good faith and predicated on reasonable grounds.  *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

21.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to their wages and damages, in that they have been denied proper overtime compensation prior to the filing of this complaint.  Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interest in bringing this action.  Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV.  CAUSES OF ACTION

22.      The forgoing facts are incorporated by reference as if fully stated herein.

23.     Plaintiff, on behalf of herself and others similarly situated,  brings the following claims against Defendant Youth Villages, Inc:

        A.     Failure to pay overtime wages in violation of the Fair Labor Standards Act; and

        B.     Plaintiff demands a jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

24. Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the last three (3) years, but were not paid overtime by the FLSA.

25. A declaratory judgment that Defendant has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and similarly situated persons who opt into this action;

26. A declaratory judgment that Defendant's violations of the FLSA were wilful.

27. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial.

28. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

29. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys fees and costs, pursuant to 29 U.S.C. § 216(b); and

30. An award of such other and further legal and equitable relief as my be appropriate.

Respectfully submitted,

**GILBERT & RUSSELL, PLC**

   s/Michael L. Russell
Justin S. Gilbert (TN Bar No. 017079)
Michael L. Russell (TN Bar No. 20268)
2021 Greystone Park
P.O. Box 11357
Jackson, TN 38308
Telephone: 731-664-1340
Facsimile: 731-664-1540
URL: www.gilbertfirm.com