IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SONYA BAILEY, and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 07-1089-T-An |
| YOUTH VILLAGES, INC., | ) ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND/OR FOR SUMMARY JUDGMENT

Plaintiff Sonya Bailey filed this matter as a purported collective action against Defendant Youth Villages Inc., under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337.[1] Defendant has filed a motion for judgment on the pleadings and/or for summary judgment on the ground that the court lacks jurisdiction over this matter because Defendant is not a covered enterprise under the FLSA [DE#17]. Plaintiff has filed a response to the motion, and Defendant has filed a reply to the response. For the reasons set forth below, Defendant's motion is DENIED.

Because the court has considered matters outside the pleadings, the motion will be treated as one for summary judgment. Motions for summary judgment are governed by Rule

---

[1] On March 18, 2008, the court limited the putative class to current and former overnight teacher-counselors who have worked at Defendjant's Deer Valley and Hobbs House locations.

56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

According to the complaint, Plaintiff, an "overnight teacher counselor," was informed by Defendant, along with other similarly situated employees, that they were exempt from overtime pay under the FLSA. The complaint alleges that Defendant violated the FLSA because Plaintiff and others worked more than forty hours per week without receiving one and one half times their regular pay. Defendant has responded that, as a not-for-profit charitable enterprise, it is not a "covered enterprise" under the FLSA or, alternatively, that the division for which Plaintiff worked was not a "covered enterprise."

The undisputed facts are as follows.[2] Defendant is a private, not-for-profit organization which helps troubled children and their families in seven states and the District of Columbia and in forty-four locations. Defendant's programs provide a continuum of care at various levels. Defendant is recognized by the IRS as a public charity that is exempt from federal income tax under Section 509(a)(2) of the Internal Revenue Code.

Plaintiff worked for Defendant during two separate time frames and at two different treatment facilities. From April 18, 2005 to November 24, 2005, Plaintiff worked as an overnight teacher/counselor at the residential treatment facility known as Deer Valley. Plaintiff was rehired June 19, 2006, as an overnight teacher/counselor at Hobbs House Group Home and held that position until March 23, 2007.

Hobbs House provides care and therapy and teaches independent living skills to teenage boys ages fourteen and older as they reintegrate into the community. The Hobbs

---

[2] The facts are stated for the purpose of deciding this motion only.

House group home consists of a single group home for troubled teenagers.

Defendant's residential facilities, including the Deer Valley campus at which Plaintiff worked for approximately seven months, provide intensive treatment programs that combine a unique balance of structure and freedom. This enables the children in treatment and their families to identify, understand, and cope with their individual needs and develop the skills necessary to succeed in less restrictive settings.

The Deer Valley campus consists of various entities, including residential cottages, where the youth in treatment live on a daily basis. The children in the cottages take part in and are instructed in the daily tasks of living and in cooperating with others by the cottage staff. Plaintiff worked as an overnight teacher/counselor in one of the Deer Valley cottages during her time on that campus. The parties dispute Plaintiff's actual job description.

While the Deer Valley campus has a school, neither the Deer Valley facility as a whole nor the treatment cottages "operate as a school" as defined by theFSLA. The overall campus is not a school certified by the state board of education; however, the school itself is state certified.

The school on the Deer Valley campus is located in a separate building from the residential cottages and has its own staff, including certified teachers and a principal. The principal of the Deer Valley school reports to Defendant's Director of Education, rather than to the clinical and campus directors, as do principals of other campus schools. Additionally, the school has a separate budget from the rest of the Deer Valley campus, so that personnel and costs are separately maintained.  Children in the counseling program who are capable

4

of attending public schools may do so instead of attending the campus schools.

Defendant's funding is supplied by charitable donations, grants, and contracts with state agencies. However, the Deer Valley facility receives its funding from grants and state contracts. Additionally, the school at Deer Valley receives federal Title I funds. Most of the organizations competing for the state grants and contracts awarded to Youth Villages are also non-profit entities, although a few do operate for profit. Defendant does not sell any products or services in the open marketplace as most business do.

The Deer Valley facility as a whole provides basic residential care, including food, clothing, shelter, basic medical treatment, psychological counseling, recreation, and tutoring. It is not licensed as a hospital.

In order for the FLSA to apply to a particular organization, that organization must be a "covered enterprise" under the FLSA. Typically, the FLSA does not apply to charitable, religious, educational, or other similar activities of organizations that are operated on a not-for-profit basis unless these activities are in substantial competition with other businesses. Dept. of Labor Op. Letter, 2004 WL 3177887 at 2 (Dec. 13, 2004).

A non-profit institution providing care for delinquent, dependent, or neglected children is not covered as an enterprise under the FLSA unless one of the following exceptions applies:

> (1) the institution is operated as a hospital;
> (2) the institution is primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of the institution;
> (3) the institution is operated as a preschool, elementary school, or secondary school;

     (4) the institution is operated as an institution of higher learning or;
     (5) the institution is a public agency.

Id. citing *DOL Field Operations Handbook* (FOH)12g12.

Plaintiff contends that there is evidence in the record from which the trier of fact could find that Defendant is a mental health treatment facility and that " . . . a private institution for the residential care of emotionally disturbed persons would come within the coverage . . . if more than 50% of its residents have been admitted by a qualified physician, psychiatrist, or psychologist." The term "admitted" "includes evaluation of mental or emotional disturbance by a qualified physician, psychiatrist, or psychologist either subsequent to admission to the institution or preceding admission and being the cause for referral." Ex. A - DOL Opinion Letter FLSA2005-8NA dated 9/2/05.

In support of her argument, Plaintiff has submitted a September 2, 2005 opinion letter from the United States Department of Labor which addressed an analogous situation.

> Based on the facts of your letter, we agree that your client's non-profit organization is not operated for a business purpose, and is not engaged in the operation of a school within the meaning of sections 3(s)(1)(B) of the FLSA. However, in describing the services that your client provides, you state that upon admission to the home, each child is assigned a social worker and a group leader to coordinate the "child's treatment." You note that the non-profit offers such programs and services as a structured behavioral management program; a supervised treatment program; and individual, group, and family therapy. Given this clearly therapeutic purpose, we cannot specifically conclude whether the nonprofit is engaged in the operation of "an institution primarily engaged in the care of . . . the mentally ill or defective who reside on the premises of such institution" within the meaning of section 3(s)(1)(B).
>
> The non-profit would be engaged in the operation of such an institution if not fewer than 50% of the children residing with the organization were admitted by a qualified physician, psychiatrist, or psychologist. See FOH 12g12. The

>term "admitted" includes evaluations or mental or emotional disturbance by such a qualified practitioner, either subsequent to or preceding admission, as the cause of referral. See FOH 12g12; Opinion Letters dated May 4, 1977 and December 1, 1975, enclosed [in original]. In addition, your client would be engaged in the operation of such an institution if a psychiatrist retained by the home engages in therapy with individual children on a regular basis, and such children constitute more than 50% of the children residing in the home.

In the present case, Plaintiff has presented evidence that she served as an "overnight teacher counselor" at two of Defendant's facilities: (1) the Deer Valley facility in Linden, Tennessee, and (2) the Hobbs House Group Home in Jackson, Tennessee. Ex. B - Plaintiff's Affidavit. The youths housed at the both of the facilities where Plaintiff worked were referred to as "residents." Id. Defendant's management frequently talked to Plaintiff about mental or emotional evaluations of residents that were performed at the time of admission. Id. Defendant's management also informed Plaintiff that some of the residents had been classified as "MR," meaning that they had been diagnosed as mentally retarded. Id. In her position with Defendant, Plaintiff had access to the individual files of residents, and each file that she reviewed contained such an initial psychological evaluation. Id. The facility conducted regularly scheduled "planning sessions," during which, mental health information from resident's evaluation was routinely discussed. Id.

Additionally, Plaintiff has pointed to a prior proceeding in which Defendant admitted that it was a covered employer under the FLSA. See Collective Ex. C - Pleadings from Fowlkes v. Youth Villages. Even if the doctrines of judicial or collateral estoppel are not applicable, Defendant's admission in its answer in Fowlkes could be offered as a prior inconsistent statement to impeach Defendant's evidence.

7

Because there are disputed issues of fact as to whether Defendant is exempt from the requirements of the FLSA, Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE