IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SONYA BAILEY, and others
similarly situated,

      Plaintiff,

v.                                No. 07-1089

YOUTH VILLAGES, INC.,

      Defendant.

_____

ORDER ADOPTING THE PLAINTIFF'S REVISED
NOTICE AND CONSENT WITH MODIFICATIONS
_____

The Plaintiff, Sonya Bailey, brought the instant action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of herself and similarly situated employees who were allegedly denied overtime compensation by the Defendant, Youth Villages, Inc. ("Youth Villages"). On March 18, 2008, the Court partially granted and partially denied the Plaintiff's motion for approval of its 29 U.S.C. § 216(b) Notice and Consent forms and for disclosure of the identities of those employees who held the same position as the Plaintiff. (Docket Entry ("D.E.") No. 34.) Specifically, the Court held that Bailey could proceed with her suit as a collective action under the FLSA with the conditional class limited to "current and former overnight teacher-counselors who have worked at the [Defendant's] Deer Valley and Hobbs House locations." (Id. at 5.) In addition, the Court ordered Youth Villages to provide the Plaintiff with a list of the names, addresses, and phone numbers of all employees who have worked as overnight teacher-counselors at the specified

locations and who were classified as "exempt" employees.[1] (Id.) While the Plaintiff had submitted proposed notice and consent forms, the Court did not address the Defendant's contention that these forms were misleading, but gave Youth Villages twenty days to file its objections to the forms and Bailey an additional twenty days in which to respond. The parties have now done so and the Court is prepared to rule on which changes it will accept. Attached as an exhibit is the Court's version of the Notice. The Court adopts the Plaintiff's revised Consent in full.

I.  Notice of Right to Opt-In to the Lawsuit

The Defendant's first objection concerns the "TO" line of the Notice, which Youth Villages argues is over-inclusive because it is currently addressed to *all* overnight teacher-counselors who have been employed by the Defendant. In light of its previous Order narrowing the members of the class, the Court agrees and finds that the Notice should be addressed to:

> ALL "OVERNIGHT TEACHER-COUNSELORS" WHO HAVE BEEN EMPLOYED AT YOUTH VILLAGES, INC.'S DEER VALLEY OR HOBBS HOUSE FACILITIES SINCE MARCH 18, 2005[2]

The Court rejects the Defendant's suggestion that the word "exempt" be inserted between "ALL" and "OVERNIGHT TEACHER-COUNSELORS" because the term was not part of the job title and may confuse potential opt-ins. Furthermore, the unsettled issue in this case is whether or not Bailey and similarly situated employees were exempt from the FLSA. Because the Plaintiff does not

---

[1] Bailey contends that the Defendant wrongly classified her and other similarly situated employees as being exempt from overtime pay under FLSA. (D.E. No. 1, Compl. ¶¶ 10-12.)

[2] The Defendant contends several times that the potential Plaintiffs must be referred to in a manner that is consistent with this Court's previous Order. The Court will address this objection only once and finds that the potential members of the class should consistently be referred to as "overnight teacher-counselors" who have been employed at Youth Villages's Deer Valley or Hobbs House facilities.

object, the Court also accepts the Defendant's suggestion to change its name in the "RE" line, which shall now read "FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST YOUTH VILLAGES, INC.," instead of "FAIR LABOR STANDARDS ACT LAWSUIT FILED AGAINST MPW INDUSTRIAL SERVICES, INC."

As to the introductory section of the Notice, the Court rejects the Defendant's suggestion that the phrase "if you so choose" be added to the sentence that instructs potential opt-ins that they have the right to make a claim for damages against Youth Villages. In light of the fact that the Notice provides that they "may" make such a claim, it is unnecessary. Furthermore, the sentence already declares that the potential opt-ins may join the suit "if [they] so desire." Thus, the Court concludes that the Notice's readers will understand that making a claim is not compulsory. Because the Court also adopts the Defendant's suggestion that potential opt-ins be warned about the possibility of being held responsible for Youth Villages's costs, as explained below, it agrees with the Defendant that the introduction should include a statement that the Notice will inform them of "potential consequences of making such a claim."

Youth Villages next suggests that the section that explains that the Court does not express any opinion as to the merits of the lawsuit be inserted after the introduction. In the Plaintiff's version of the Notice, this explanation is the third-to-last section. While the Court acknowledges that the Notice cannot contain the appearance of judicial endorsement, Hoffman-LaRoche v. Sperling, 493 U.S. 165, 174 (1989), it agrees with Bailey that it is more logical for that section to *follow* the description of the claim, as well as the procedures for and consequences of joining the suit. The Defendant's version puts the proverbial cart before the horse. Furthermore, the Court finds Youth Villages's proposed wording of this section cumbersome. (See D.E. No. 35, Def.'s

Notice § II ("This Notice is for the sole purpose of providing [potential plaintiffs] with information concerning their rights *to join or to choose not to join* this lawsuit.") (emphasis added).)  The Plaintiff's is much more straight-forward, but in no way implies that potential opt-ins are obligated to join the suit.  (D.E. No. 37, Pl.'s Notice § VIII ( "This Notice is for the sole purpose of providing [potential plaintiffs] with information concerning their right to join this lawsuit.").)  The Court, however, does not object to the Defendant's suggestion that the section be clearer on who mailed the Notice.  Thus, the approved wording of the "No Opinion Expressed" section, which will remain the third-to-last section in the Notice, is as follows:

> This Notice is for the sole purpose of providing current and former Youth Villages "overnight teacher-counselors" who worked more than forty (40) hours during a workweek at the Deer Valley or Hobbs House facilities during any period since March 18, 2005, with information concerning their right to join this lawsuit. Although the contents of this Notice and its mailing by Plaintiff have been authorized by the Court, the Court has not yet taken any position regarding the merits of Plaintiff's claims or Defendant's defenses.

Next, the Defendant claims that the description of the lawsuit is incomplete, because it does not sufficiently describe Youth Villages's defenses, thus "making it appear to those receiving the Notice that Plaintiff's case is stronger than Defendant's position."  (D.E. No. 35, Def's Obj. ¶ 4.)  To remedy this, Youth Villages suggests that the Court add a summary of its motion to dismiss.  However, the Court has since denied that motion.  The Defendant also asks that a sentence be added which states that it denies liability on the basis that the affected teacher-counselors were exempt from FLSA and that, for various legal reasons, their overtime claim is not compensable.  The Court agrees that a bit more detail as to the basis for Youth Villages's denial of liability should be included, but has modified the Defendant's suggested language to reflect the denial of its motion to dismiss.  Thus, the last sentence of the section describing the lawsuit is: "Youth Villages denies the

Plaintiff's allegations that it has violated the FLSA or failed to properly pay overnight teacher-counselors who worked at the Deer Valley and Hobbs House facilities for overtime, and has further denied the Plaintiff's allegations that it is liable under any circumstances."

Youth Villages would like to change the name of the next section from "Your Right to Join this Lawsuit" to "Your Choice to Join or Not Join This Lawsuit." It argues that the current wording goes too far in encouraging potential plaintiffs to join the suit. The Court disagrees. Potential opt-ins *do* have the *right* to join this lawsuit or file a separate one. Thus, the statement is accurate. In addition, the section already states that "[it] is entirely your own decision whether to join this lawsuit. You are not required to take any action unless you so desire." Furthermore, Youth Villages's proposed title is cumbersome. The Defendant would also like to add another sentence that states that the Court has not ruled on the merits of the suit and that Youth Villages denies liability. However, because this information appears in other parts of the Notice, it is redundant and the Court opts not to include it.

The Defendant next argues that the section on the legal effect of joining this lawsuit is incomplete because it does not contain a warning that potential opt-ins might "be held liable for costs and for potential counterclaims which could be asserted against [them] by Defendant." (D.E. No. 35, Def.'s Obj. ¶ 5.) The Plaintiff responds that this language should not be included because it is merely an attempt to deter potential members of the class from joining the suit. As to the threat of counterclaims, the Court agrees with Bailey because Youth Villages has not filed a counterclaim against her and has not provided any grounds for filing a counterclaim against any potential opt-ins. It concludes, however, that it is prudent to forewarn potential class members of costs they may be responsible for if the Defendant prevails.

Next, Youth Villages objects to the section called "Legal Representation If You Join this Lawsuit" on the basis that it does not make it clear to potential opt-ins that they are not required to retain the law firm that is representing Bailey, namely Gilbert Russell McWherter PLC. The Plaintiff apparently agrees and has made some changes to that paragraph that the Court concludes are not sufficient. For example, Bailey's revised Notice states "[i]f you choose to join this lawsuit, Gilbert Russell McWherter PLC will represent you, if you so choose." (D.E. No. 37, Pl.'s Notice § VI.) The term "will" is not, however, consistent with the concept of choice. Furthermore, the phrase "if you so choose" at the end of the sentence does not clarify the matter, because the choice may refer either to the choice in attorneys or the choice to join the suit.

The Court instead adopts a combination of the parties' suggestions, as detailed below:

> The attorneys for Plaintiff Sonya Bailey and the proposed opt-in class are Michael L. Russell and Justin S. Gilbert of the law firm of Gilbert Russell McWherter PLC. Their address and telephone number are P.O. Box 11357, Jackson, Tennessee 38308; 731-663-1340.
> If you choose to join this lawsuit, you may, but are not required to, retain Gilbert Russell McWherter PLC to represent you. You will not have to pay these lawyers for their services unless the Court awards you money. If that happens, the Court may deduct a reasonable amount from your award to pay the lawyers for their services in representing you as part of the class. If you choose Gilbert Russell McWherter PLC to represent you, you will be bound by the retainer agreement between that firm and Plaintiff Sonya Bailey. You may obtain a copy of this agreement by contacting Gilbert Russell McWherter PLC at the address or telephone number above.

Youth Villages objects to Section VII "How to Join This Lawsuit" on the basis that it is "misleading in making potential opt-ins believe they must retain [Bailey's law firm] if they choose to join the lawsuit." (D.E. No. 36, Def's Obj. ¶ 8.) However, the firm is only listed in that section as the place where the signed Consent forms must be mailed. Because the Plaintiff's attorneys are the appropriate recipients of the Consent forms, the Court overrules the Defendant's objection on

this issue. It agrees, however, with Youth Villages's suggestion that the term "similarly suited" be changed to "similarly situated."

Last, the Defendant objects to the phrase "BY ORDER OF THE COURT" being included at the very end of the Notice, because it is likely to mislead "recipients into thinking the Notice was mailed by the Court." (D.E. No. 36, Def's Obj. ¶ 10.) The Court agrees that the phrase is inappropriate because the Notice, while mailed with *authorization* of the Court, is not an Order and does not originate with the Court.

II.     Consent to Become Party Plaintiff

The Defendant objects to the Plaintiff's Consent on the basis that it does not allow the Court to determine whether the potential class members worked at the Deer Valley or Hobbs House facilities and designates Gilbert Russell McWherter PLC to represent all potential plaintiffs. In response, the Plaintiff has revised the form to allow potential opt-ins to state which facility they worked at and to permit them to indicate that they will be represented by another lawyer. The Court finds Bailey's revisions satisfactory and adopts her revised Consent in full.

Last, the Court GRANTS the parties' joint motion for a status conference to discuss the trial date. The date and time of this conference will be set by separate Order.

IT IS SO ORDERED this 30th day of July, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE